**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

JANETTE BROWN,

        Plaintiff,

   v.

THE LINCOLN NATIONAL LIFE INSURANCE
COMPANY,

        Defendant.

Civil Action No. 2:26-cv-4513

# COMPLAINT

1. Plaintiff Janette Brown brings this action against Defendant The Lincoln National Life Insurance Company under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., to recover long term disability benefits wrongfully denied under an employee welfare benefit plan sponsored by MedStar Health. This is a civil action pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), for recovery of benefits due, enforcement of rights under the terms of the Plan, and clarification of rights to future benefits. Plaintiff reserves all rights under ERISA § 502(a) and ERISA § 502(g), 29 U.S.C. § 1132(g).

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under the laws of the United States, and pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

3. Venue is proper in this District pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), and 28 U.S.C. § 1391(b). Defendant maintains an office and conducts business at 2005 Market Street,

Philadelphia, Pennsylvania 19103, and therefore may be found in this District within the meaning of 29 U.S.C. § 1132(e)(2).

4. Plaintiff Janette Brown is an individual and a participant in or beneficiary of the employee welfare benefit plan at issue, and was employed by MedStar Health during the relevant coverage period.

5. Defendant The Lincoln National Life Insurance Company maintains an office and conducts business at 2005 Market Street, Philadelphia, Pennsylvania 19103. Defendant issued, insured, funded, administered, and/or made benefit determinations under the disability coverage at issue.

6. At all relevant times, Plaintiff was employed by MedStar Health and was a participant in or beneficiary of an employee welfare benefit plan sponsored by MedStar Health that provided long term disability ("LTD") benefits (the "Plan").

7. The Plan is an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1).

8. The claim associated with Plaintiff's request for benefits under the Plan is identified as Claim No. 14392393.

9. Plaintiff's job title and occupation required her to perform material duties that she became unable to perform due to her disabling conditions.

10. On or about February 15, 2023, Plaintiff ceased working as a result of Cervical and Lumbar Radiculopathy with Chronic Pain Syndrome (cervical disc disorder with radiculopathy; degenerative disc disorder lumbar; post-laminectomy syndrome; chronic pain syndrome; thoracic stenosis; peripheral neuropathy).

11. As a result of her medical conditions, Plaintiff's functional limitations prevented her from performing the material duties of her occupation as required by the Plan, and continue to prevent her from performing the material duties of any occupation for which she is reasonably qualified under the Plan.

12. Plaintiff submitted medical and claim information to Defendant supporting her disability under the terms of the Plan.

13. Plaintiff has satisfied all conditions precedent to the receipt of benefits under the Plan, or such conditions have been waived, excused, or otherwise discharged.

14. Plaintiff submitted a claim for LTD benefits under the Plan.

15. LTD benefits were approved and paid through August 15, 2025.

16. By letter dated June 5, 2025, Defendant issued an adverse benefit determination denying Plaintiff's claim for LTD benefits beyond August 15, 2025.

17. Plaintiff timely appealed the adverse benefit determination through Defendant's internal administrative review process.

18. By final adverse benefit determination dated February 26, 2026, Defendant maintained its decision to deny Plaintiff's claim for LTD benefits beyond August 15, 2025. As stated in the February 26, 2026 final denial letter, Defendant "maintained the decision to deny benefits beyond August 15, 2025."

19. Plaintiff has exhausted her administrative remedies under the Plan and 29 C.F.R. § 2560.503-1, or any further exhaustion has been waived, excused, or is otherwise futile.

**STANDARD OF REVIEW**

20. Plaintiff contends that Defendant's adverse benefit determination should be reviewed de novo. Plaintiff does not concede that the Plan contains a valid, enforceable, and applicable grant of discretionary authority sufficient to alter the default de novo standard of review applicable to claims brought under ERISA § 502(a)(1)(B).

21. To the extent Defendant contends that arbitrary-and-capricious or abuse-of-discretion review applies, Plaintiff denies that contention, preserves all arguments for de novo review, and alternatively alleges that Defendant's adverse benefit determination was arbitrary and capricious, an abuse of discretion, unsupported by substantial evidence, contrary to the terms of the Plan, and erroneous as a matter of law.

COUNT I — CLAIM FOR BENEFITS UNDER ERISA § 502(a)(1)(B)

22. Plaintiff incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein.

23. At all relevant times, Plaintiff was a participant in or beneficiary of the Plan within the meaning of ERISA § 3(7) and § 3(8), 29 U.S.C. § 1002(7), (8), and was entitled to benefits under the terms of the Plan.

24. Defendant's denial and termination of Plaintiff's LTD benefits was wrongful, contrary to the terms of the Plan, and in violation of ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).

25. As a direct and proximate result of Defendant's wrongful denial, Plaintiff has been deprived of benefits to which she is entitled under the terms of the Plan.

26. Pursuant to ERISA § 502(a)(1)(B), Plaintiff is entitled to recover the benefits due to her under the terms of the Plan, to enforce her rights under the terms of the Plan, and to clarify her rights to future benefits under the terms of the Plan, together with prejudgment interest, attorney's fees and costs under ERISA § 502(g), 29 U.S.C. § 1132(g), and such other relief as the Court deems just and proper.

COUNT II — CLARIFICATION OF RIGHTS TO FUTURE BENEFITS UNDER ERISA § 502(a)(1)(B)

27. Plaintiff incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein.

28. ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), authorizes a participant or beneficiary to bring a civil action to clarify her rights to future benefits under the terms of an employee welfare benefit plan.

29. Plaintiff remains disabled within the meaning of the Plan and remains entitled to ongoing LTD benefits under the Plan's continuing-disability provisions.

30. Plaintiff seeks a declaration that she is entitled to LTD benefits on a continuing basis under the terms of the Plan for so long as she satisfies the Plan's definition of disability and all other terms and conditions of the Plan.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant as follows:

A. Awarding Plaintiff past-due benefits from the date of termination through the date of judgment under the terms of the Plan;

B. Declaring Plaintiff's entitlement to LTD benefits on a continuing basis under the terms of the Plan, and clarifying Plaintiff's rights to future benefits under the terms of the Plan;

C. Awarding prejudgment interest on past-due benefits;

D. Awarding attorney's fees and costs under ERISA § 502(g) (29 U.S.C. § 1132(g)); and

E. Awarding such other and further relief as the Court deems just and proper.

### DEMAND FOR TRIAL

Plaintiff respectfully requests a trial on the administrative record.


Respectfully submitted,


/s/Nicholas Feden
Nicholas Feden
Feden Law Group PLLC
Attorney ID: 307902
711 West Ave.
Jenkintown, PA 19046
Tel. 267-234-7465
nfeden@fedenlawgroup.com
Attorney for Plaintiff